IN THE UNITED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2015 SEP -1  A 11: 02

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| JERRY "VIRGIL" HUNTER, | |
| Plaintiff, | |
| vs. | CIVIL ACTION NUMBER: 2:15-CV-632 |
| | CV-15- |
| | JURY DEMAND |
| CASH SAVER GROCERIES, owned and operated by BIG DADDY'S FOODS, | |
| Defendant. | |

## COMPLAINT

**COMES NOW** the plaintiff and files this lawsuit against the Defendant, Cash Saver Groceries, owned and operated by Big Daddy's Foods, pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA") and for this cause of action states the following:

1. Defendant is a corporation conducting business in the State of Alabama.

2. Plaintiff Hunter resides in Deatsville, Elmore County, Alabama.

3. At all times material to this action, the plaintiff is employed by defendant as the Produce Manager.

4. This action is brought pursuant to the FLSA, 29 U.S.C. §201 *et seq*. and specifically the collection action provision of the Act found at Section 216(b), for equitable and injunctive relief and to remedy violations of the wage provisions of the FLSA by defendant which have deprived the plaintiff of his lawful wages.

1

5. This action is brought to recover unpaid compensation owed to plaintiff pursuant to FLSA. From July 2013 through November 2014, defendant has had a uniform policy and practice of consistently requiring employees to work off the clock without paying them the time owed for this work. Plaintiff seeks unpaid overtime compensation, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. §216(b).

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331. Venue is proper in the Middle District of Alabama under 28 U.S.C. §1391(b).

7. Defendant is subject to personal jurisdiction in the State of Alabama for the purpose of this lawsuit.

8. At all times material to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

9. At all times relevant to this action, Defendant is the employer of the plaintiff as defined by §203(d) of the FLSA.

10. At all times material to this action, the plaintiff is an employee of defendant as defined by §203(e)(1) of the FLSA, and worked for defendant within the territory of the United States within the time period of this lawsuit.

11. The off the clock provisions set forth in §§206 and 207, respectively, of the FLSA apply to defendant and plaintiff herein were covered by §§ 206 and 207 of the FLSA while he has employed by defendant.

12. At all times relevant to this action, defendant employed plaintiff in the capacity of Produce Manager.

13. The services performed by plaintiff are a necessary and integral part of and directly

essential to defendant's business.

14. Plaintiff has been required to work off the clock and has not compensated for those hours from July 2013 through November 2014.

15. Defendant has intentionally failed and/or refused to pay the plaintiff for his time working off the clock according to the provisions of the FLSA.

16. The systems, practices and duties of the plaintiff have existed from July 2013 until November 2014.

17. The defendant has been aware of the requirements of the FLSA and its corresponding regulations necessary to pay employees for time that they work off the clock when employees perform said work. Despite this knowledge, the defendant has failed to pay its employees the mandatory lawful wages to conform the duties of these employees to the requirements of the FLSA.

18. Defendant has intentionally and repeatedly misrepresented the true status of compensation to its employees as well as their entitlement to said pay in order to avoid suspicion and inquiry by employees regarding their entitlement to monies owed to them. The plaintiff relied upon these misrepresentations by defendant and were unable to determine their true status under the FLSA by the exercise of reasonable diligence because of those misrepresentations.

19. As a result of the actions of defendant in fraudulently concealing the true status of its employees when performing work off the clock pay under the FLSA, the applicable statute of limitations governing FLSA actions at 29 U.S.C. §255(a) is tolled for long as defendant engaged or engages in the fraudulent and misleading conduct set forth above, which is a period of at least ten (10) years. Defendant is estopped from raising such statute of limitations as a bar.

20. Defendant further has engaged in widespread pattern and practice of violating the

provisions of FLSA by failing to pay plaintiff in accordance with §207 of the FLSA.

21. As a result of defendant's violations of the FLSA, the plaintiff has suffered damages by failing to receive wages for working off the clock in accordance with §207 of the FLSA. Specifically, the plaintiff has not been paid for 151 hours of working off the clock from July 2013 through November 2014.

22. In addition to the amount of unpaid wages owing to the plaintiff he is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b) and prejudgment interest.

23. Defendant's actions in failing to compensate the plaintiff in violation of the FLSA, were wilful.

24. Defendant has not made a good faith effort to comply with the FLSA.

25. Plaintiff is also entitled to an award of attorney's fees pursuant to 29 U.S.C. §216(b).

**WHEREFORE**, plaintiff pursuant to §216(b) of the FLSA, pray for the following relief:

- Plaintiff be awarded damages in the amount of his respective unpaid compensation, plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b), and/or prejudgment interest;

- Plaintiff's reasonable attorneys' fees, including the costs and expenses of this action; and

- Such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

- Plaintiff further demands a jury to try the issues when joined.

Respectfully submitted,

_____
Gregory O. Wiggins
Counsel for the Plaintiff

OF COUNSEL:

WIGGINS, CHILDS, PANTAZIS,
  FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500

The plaintiff demands a trial by jury on all claims triable to a jury.

_____
OF COUNSEL

**DEFENDANT'S ADDRESS:**

Serve Via Certified Mail -

    Cash Saver Groceries
    5458b Atlanta Highway
    Montgomery, Alabama 36109

    Big Daddy's Foods
    820 Highway 35
    North Forrest, Mississippi 39074