IN THE UNITED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JERRY "VIRGIL" HUNTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NUMBER: |
| ) | 2:15-cv-00632 |
| ) | JURY DEMAND |
| ) | |
| BIG DADDY FOODS, INC., ) | |
| ) | |
| Defendant. ) | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff Jerry "Virgil" Hunter and Defendant Big Daddy Foods, Inc. (collectively the "Parties"), by and through their undersigned counsel, jointly move this Court to enter an order approving the settlement entered into by the Parties and dismissing this case in its entirety, with prejudice, by consent of all parties. The Settlement Agreement is attached as Exhibit "A". In support of this Motion, the Parties state the following:

1. On September 1, 2015, Plaintiff filed this above styled individual action against Defendant alleging that Defendant violated the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* ("FLSA") by failing to pay him for all hours worked.

2. Defendant denied Plaintiff's allegations in their entirety and denied any violations of the FLSA.

3. In the course of discussions between counsel for the Parties, the Parties have agreed to resolve this matter and now seek the Court's approval of the settlement and dismissal of the case in its entirety, with prejudice. *See Lynn's Food Stores, Inc. vs. U.S.*, 679 F.2d 1350, 1354 (11th Cir.

1982)(acknowledging "a policy of encouraging settlement of [FLSA] litigation."). Pursuant to the FLSA, claims for back wages and other damages arising under the FLSA may be settled or compromised with the approval of the district court or the Secretary of Labor. *See* 29 U.S.C. §216(b); *Lynn's Food Stores*, 679 F.2d at 1354; *see also Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945). An employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. See 29 U.S.C. §216(c); *Lynn's Food Stores*, 679 F. 2d at 1353. According to the Eleventh Circuit, the following circumstances justify court approval of a settlement in FLSA litigation:

> Settlements may be permissible in the context of a suit bought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F. 2d at 1354; *see also Roldan v. Windhover Ass'n, Inc.*, No. 6:06-cv-1097-Orl-28JGG, 2007 WL 778958, at *3 (M.D. Fla. Mar. 9, 2007) (recognizing that—when determining whether a settlement is fair and reasonable—courts consider whether (1) any fraud or collusion was behind the settlement; (2) the litigation's complexity, expense, and likely duration; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiffs' success on the merits; (5) the range of possible recovery; along with (6) the opinions of counsel) (citing *Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F. 3d 1527, 1531 at n.6 (11th Cir. 1994)).

The Parties therefore request that this Court approve the Parties' Settlement. To do so, the

Court must determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1353, 1355.

4.  The Parties expressly agree that the settlement agreement between the Parties (the "Agreement") represents a fair and equitable resolution of this matter. The Parties further agree that the settlement involved disputed issues. The Parties formulated their own proposed settlement figures and engaged in detailed settlement negotiation based on their independent calculations. The Parties voluntarily agreed to the terms of their settlement at the conclusion of lengthy negotiations. The terms of the Agreement are contingent upon approval by the Court. Thus, the Parties respectfully request that the Court approve their Agreement and issue an Order dismissing the action in its entirety with prejudice, but retaining jurisdiction, as necessary, to enforce the parties' Agreement.

5.  The Parties negotiated the terms of the Agreement at arms-length and in good faith. This settlement allows the Parties to avoid the significant time, expense and uncertainty of protracted litigation. Settlement is also a reasonable means for the Parties to minimize future risks and litigation.

6.  All Parties have been represented, at all times, by experienced counsel. The Parties have exchanged Initial Disclosures, and Defendant provided Plaintiff with detailed payroll records and time clock records—among other documents. There has been sufficient investigation and disclosure of documents with respect to Plaintiff's claims in this matter to allow counsel to act intelligently and to make an informed decision regarding settlement.

7.  The Agreement entitled the Plaintiff to paid for all the hours that he worked and to also be compensated for liquidated damages on this amount. This amount represented 100% of what the plaintiff could recover if he successfully prosecuted his claim. Of the total amount to be paid to Plaintiff, half of the amount will be classified as back pay and half of the amount will be classified

as liquidated damages. The amount of back pay was calculated from Plaintiff's records of the hours he worked for Defendant for which he alleged he was not paid. Defendant disputes the validity of Plaintiff's claims, including whether he worked the hours claimed. Plaintiff agreed to accept these amounts and is requesting that this Court approve the same.

       8.      The Parties also negotiated a reasonable amount to paid to his counsel for attorneys' fees and expenses. The attorney's fees and costs to be paid to Defendant under the Agreement are not a percentage of the consideration to be paid to Plaintiff, not are the fees and costs based upon the amounts Plaintiff was seeking from Defendant, such that there is no correlation between the amount of monetary consideration being paid to Plaintiff and the amount of fees and costs being paid to resolve Plaintiff's attorney fees. *See* 29 U.S.C. §216(b); *Kreager v. Solomon & Flanagan, P.A.*, 775 F. 2d 1541, 1542 (11th Cir. 1985). Rather, Plaintiff's attorney's fees and costs were reviewed independent of the overtime hours Plaintiff alleges he worked. The parties represent the amount is reasonable under the circumstances and ensures the recovery of Plaintiff is not diminished by any responsibility to pay Plaintiff's counsel any out-of-pocket sums. The Parties agreed to these amounts to be paid to Plaintiff's counsel for attorneys' fees and expenses and are requesting that this Court approve the same. Finally, the Parties deny any undue influence, overreaching, collusion, or intimidation in reaching the settlement agreement.

      WHEREFORE, the Parties respectfully request that this Court 1) grant their joint motion for approval of their agreement to settle this case and 2) dismiss this case in its entirety, with prejudice, but retain jurisdiction as necessary to enforce the Parties' settlement. The Parties are available at the Court's convenience for a teleconference to discuss the settlement terms if necessary. A proposed order is attached.

Dated: March 1, 2016.

| | |
|---|---|
| By: /s/Gregory O. Wiggins<br>    Gregory O. Wiggins<br>Wiggins, Childs, Pantazis<br>    Fisher & Goldfarb, LLC<br>The Kress Building<br>301 19th Street North<br>Birmingham, AL 35203<br>COUNSEL FOR PLAINTIFF | By: /s/Katherine Ogburn<br>    Katherine Ogburn<br>Galloway, Johnson, Tompkins,<br>    Burr & Smith<br>63 S. Royal Street, Suite 302<br>Mobile, Alabama 36602<br>COUNSEL FOR DEFENDANT |

IN THE UNITED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JERRY "VIRGIL" HUNTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NUMBER: |
| ) | 2:15-cv-00632 |
| ) | JURY DEMAND |
| ) | |
| BIG DADDY'S FOODS, ) | |
| ) | |
| Defendant. ) | |

[Proposed] ORDER

This matter is before the Court on the Parties' Joint Motion for Approval of Settlement and Dismissal with Prejudice. Having considered the Parties' motion as well as additional information provided by the Parties, it is hereby ORDERED:

1. That the Joint Motion for Approval of Settlement is GRANTED; and

2. This case shall be DISMISSED, WITH PREJUDICE, in its entirety, with each party to bear its or their own costs.

3. The Court shall retain jurisdiction over this case only for the purpose of enforcing the Parties' Agreement.

_____
United States District Judge

*A*

## FLSA RELEASE AND SETTLEMENT AGREEMENT

This FLSA RELEASE AND SETTLEMENT AGREEMENT ("Agreement") is entered into this ___ day of _____, 2016, by and between Virgil "Jerry" Hunter ("Plaintiff") and Big Daddy Foods, Inc., d/b/a Cash Saver #25 ("Defendant") and its past, present and future members, owners, officers, directors, shareholders, employees, agents, representatives, attorneys, subsidiaries and affiliates, and its predecessors, successors, parents, partners, heirs, executors, benefit plans and administrators and assignees of any and all of them (referred to collectively and inclusively throughout this agreement as "Released Parties").

## RECITALS

WHEREAS, a dispute has arisen between Plaintiff and Big Daddy Foods, Inc., regarding Plaintiff's previous employment with Big Daddy Foods, Inc., d/b/a Cash Saver #25.

WHEREAS, Plaintiff filed a lawsuit against Big Daddy Foods, Inc., in the United States District Court for the Middle District of Alabama titled *Jerry "Virgil" Hunter v. Big Daddy Foods, Inc.*, case number 15-cv-632-MHT (hereinafter "the Lawsuit"), in which Plaintiff asserted a claim of unpaid overtime and wrongful conduct under the Fair Labor Standards Act;

WHEREAS, Big Daddy Foods, Inc., has categorically denied any wrongdoing or liability to Plaintiff and denies and does not admit to any and all of the Plaintiff's claims in the Lawsuit;

WHEREAS, Big Daddy Foods, Inc., is willing to pay the Plaintiff the consideration provided herein (which Big Daddy Foods, Inc., contends is greater than any amount which Plaintiff otherwise would have been entitled to receive from Big Daddy Foods, Inc.) in consideration of receiving from Plaintiff the binding release and covenants contained herein including, but not limited to, the voluntary dismissal with prejudice of Plaintiff's claims in the Lawsuit, (the "Released Claims");

WHEREAS, Plaintiff understands and agrees that Big Daddy Foods, Inc.'s, highest priority in entering into this Agreement is the well-being and morale of its workforce and that Plaintiff's covenants and restrictions contained herein are, for Big Daddy Foods, Inc., the essence of this Agreement; and

WHEREAS, Plaintiff, in exchange for the consideration provided in this Agreement, desires and voluntarily intends to execute the Release and to agree to such other obligations as provided in this Agreement.

NOW, THEREFORE, in consideration of the covenants contained herein, the payments from and on behalf of Defendant to Plaintiff, and his heirs, successors, administrators, agents, assigns, attorneys, and any other Parties of interest and/or representatives and other valuable consideration, the receipt of which is hereby acknowledged, the Parties hereto agree as follows:

VJH
Initials

## AGREEMENT

### A.  Payments

Big Daddy Foods, Inc., agrees to:

(a) pay in one check to Virgil "Jerry" Hunter the sum of two hundred fifty and 00/100 dollars ($2,250.00) less legally required withholdings in settlement of this action for back wages for Employee's claims in the Lawsuit;

(b) pay in one check to Virgil "Jerry" Hunter the sum of two thousand two hundred fifty and 00/100 dollars ($2,250.00) for Employee's claim for liquidated damages in the Lawsuit; and

(c) pay in one check to Wiggins, Childs, Quinn & Pantazis, LLC the total sum of four thousand five hundred and 00/100 dollars ($4,500.00) for expenses and attorney's fees. This payment with be reported on a form 1099 issued to Plaintiff and Wiggins, Childs, Quinn & Pantazis, LLC (Tax ID No. 74-3118584).

Big Daddy Foods, Inc., does not have, and shall not have, any obligation to provide Plaintiff with any payments, benefits, or considerations other than the payments recited in Paragraph A of this Agreement. The payments herein to Plaintiff's counsel include consideration in lieu of and for statutory attorney's fees and costs under the FLSA. The Plaintiff understands and agrees that such payment to his attorneys is in full and final satisfaction of Plaintiff's claim for attorney's fees.

### B.  Plaintiff Bears Tax Liabilities

Plaintiff accepts responsibility for all tax consequences, if any, relating to Big Daddy Foods, Inc.'s payment to him and his attorneys of the amounts set forth in Paragraph A. Accordingly, if a governmental taxing authority or court ultimately determines that any amounts should have been withheld from this payment, Plaintiff agrees to reimburse Big Daddy Foods, Inc., for any income and employment tax deficiency, penalty and/or interest charge assessed against it for failure to withhold such tax. Big Daddy Foods, Inc., makes no representation as to the taxability of the consideration provided under this Agreement, and Plaintiff is not relying on any such representation in deciding to execute this Agreement and Release.

### C.  Release of Claims

Except for the obligations contained herein, Plaintiff Virgil "Jerry" Hunter and his attorneys do hereby irrevocably and unconditionally release, acquit, remise, and forever discharge the Released Parties from any and all claims arising out of or relating to the Lawsuit *Jerry "Virgil" Hunter v. Big Daddy Foods, Inc.*, case number 15-cv-632-MHT, including related claims for liquidated damages, attorneys' fees, interest, expenses and/or costs, from any and all rights, actions, demands, and causes of action arising under The Fair Labor Standards Act, 29

Page 2 of 7

Initials

USC §§201, 206 and 207, and any claims for unpaid wages and related relief under Alabama state law. Plaintiff recognizes that no suit can be filed against Defendant for any claim released as a part of this Agreement. The Released Parties will include Big Daddy Foods, Inc., d/b/a Cash Saver #25 together with its parents, subsidiaries, affiliates, partners, joint ventures, predecessor, successor corporations and business entities past, present and future, and their agents, directors, officers, employees, shareholders, insurers and reinsurers, representatives, attorneys and employee benefit plans (and the trustees with other individuals affiliated with such plans) and any other persons acting by, through, under or in concert with any of the persons or entities listed in this paragraph, past, present, and future (collectively "the Releasees").

Plaintiff represents and warrants that he has not filed any other civil action, suit, arbitration, administrative charge, or legal proceeding against Big Daddy Foods, Inc., d/b/a Cash Saver #25 or the other Released Parties, nor has he assigned, pledged, or transferred his claims to any person and no other person has an interest in the claims that he is releasing in this Agreement.

Plaintiff further agrees that should any person or entity file or cause to be filed any civil action, suit, arbitration, administrative charge, or legal proceeding seeking equitable or monetary relief in connection with or any other matter relating to the claims released by paragraph 3(a) of this Agreement, Plaintiff will not seek or accept any personal relief from or as the result of such civil action, suit, arbitration, administrative charge, or legal proceeding.

**D.     Request for Approval of Settlement Agreement**

Upon execution of this Agreement by all parties, the Plaintiff shall request approval of this settlement agreement from the Court as required by law and jurisprudence.

**E.     No Future Application**

It is also understood and agreed that this Agreement is intended as a "goodbye forever" arrangement. Plaintiff agrees not to seek or apply for employment with any entity related to Big Daddy Foods, Inc., d/b/a Cash Saver #25. Plaintiff agrees that Big Daddy Foods, Inc., d/b/a Cash Saver #25 has no obligation, contractual or otherwise, and will not hire, rehire, or re-employ him in the future. Plaintiff further acknowledges that if he should inadvertently accept employment with Big Daddy Foods, Inc., d/b/a Cash Saver #25 or any of its parents, successors, purchasers, subsidiaries, affiliates or assigns, he will resign immediately upon receiving notice that he is in violation of this provision.

**F.     Full Release**

The Parties acknowledge that this Agreement and Release is voluntarily entered into and each party has had and opportunity to consult with an attorney or other advisor of that party's own choosing and at that party's cost. Plaintiff acknowledges that he understands each and every term of this Agreement and that he fully understands his rights to discuss all provisions and aspects of this Agreement with his private attorney(s), that he has availed himself of this right,

Initials

and that attorney Gregory Wiggins has negotiated this Agreement on his behalf, and that he is knowingly and voluntarily entering into this Agreement.

This Agreement is deemed to have been drafted jointly by the Parties. Any uncertainty or ambiguity shall not be construed for or against any other Party based on attribution of drafting to any Party.

### G.  Confidentiality

Plaintiff agrees that the provisions of this Agreement and any negotiations leading up to this Agreement are strictly confidential. With the exception of his attorney, Plaintiff represents that he has not disclosed the terms hereof prior to signing to any person. Plaintiff and his attorney further agree to take all efforts to preserve the confidentiality of the terms of this Agreement.

Without the prior written consent of the Defendant, Plaintiff and his attorneys specifically agree not to disclose, discuss or reveal the terms of or negotiations concerning this Agreement, in the absence of a subpoena, summons, or court order, except that Plaintiff may disclose the terms of this Agreement to his attorney, spouse, paid tax or financial advisers. Before disclosing this Agreement or its terms to these persons, Plaintiff will ensure that they are fully aware of the confidentiality of the Agreement and assent to be bound by this provision as fully as is Plaintiff and their violation of this confidentiality obligation shall constitute a breach by Plaintiff. In order to allow Defendant to preserve the confidentiality of this Agreement, Plaintiff further agrees that, if he receives any subpoena, summons or court order requiring him to testify in a proceeding involving the Defendant, he will so inform the Defendant within five (5) calendar days of receipt of such request or demand. In the event a subpoena, summons or court order is served on Employees requiring them to testify without at least five (5) days' notice, Plaintiff agrees to provide actual notice to the Director of Human Resources of Big Daddy Foods, Inc., with sufficiently reasonable time to allow the Defend to object, and Plaintiff shall cooperate in any proceeding relating to the objection. In either case, Plaintiff may respond if either an order compelling a response is entered after the Defendant has objected to the subpoena, summons, or court order (and such order is not appealed) or the Defendant fails to object after receipt of a reasonable and timely notice.

Plaintiff understands that his agreeing to this provision is a material inducement to Big Daddy Foods, Inc., entering into this Release. Plaintiff likewise acknowledges that damages to Defendant for breach of this confidentiality provision proven in a court of competent jurisdiction would be impracticable or difficult to ascertain, and agrees that in the event of a breach by Plaintiff, Defendant will be entitled to recover from Plaintiff liquidated damages in the amount of Two Thousand and 00/100 Dollars ($2,000.00) per breach as its remedy. Equitable remedies as may be available to Defendant are not relinquished by virtue of this provision. In the event Big Daddy Foods, Inc., brings an action in any court to enforce this provision as a result of an alleged breach of this confidentiality provision, the prevailing party will be entitled to recover its reasonable attorneys' fees and costs of the litigation.

_VSH_
Initials

Nothing in the preceding Paragraphs prevents Plaintiff from complying with any applicable laws and cooperating fully in any investigation by any governmental agency or providing any information to any government agency or governmental investigator acting in an official capacity.

**H.    Non-Disparagement or Defamation**

The Plaintiff shall not, or encourage any other person or entity, to disclose, disparage, defame, communicate, make public, or make public statements, or publicize in any manner any problems, issues, or concerns he perceives he may have had, including but not limited to his claims and allegations as set forth in the Lawsuit and this Agreement with Defendant or Released Parties or give any information or make any statements, including public statements, which might tend to impugn, disparage, defame, or discredit Defendant, its officers (past or present), directors (past or present), employees (past or present) or businesses. As used herein "Public Statements" shall mean:

1.    Statements made in print or news media or to newspaper reporters, television reporters, magazine reporters, radio reporters or other media and print media entities or outlets;

2.    Statements posted electronically and via internet, including but not limited to disclosing the information through electronic media, social media, print media, print, Facebook, Twitter, LinkedIn, or any similar networking sites, YouTube, videos, texting or instant messaging, emails, and/or blog postings.

3.    Statements to assist the author of any books, documentaries, TV shows, or movies. Plaintiff acknowledges and agrees that this prohibition extends to statements, written or verbal, made to anyone, including but not limited to, the news media, any board of directors or advisory board of directors, competitors, strategic partners, vendors, and employees (past or present) and Plaintiff shall not interfere with Defendant's relationship with, or endeavor to entice away from Defendant, any person who is an employee of Defendant. Plaintiff understands, acknowledges, and agrees that a breach of any provision Section H of this Agreement shall be a material breach of this Agreement that will result in a liquidated damage penalty of Two Thousand and 00/100 dollars ($2,000.00). Likewise, Defendant agrees not to disclose the terms of this Agreement to any prospective employer or third party making any inquiry about Plaintiff. Rather, Defendant shall only confirm Plaintiff's dates of employment and job position to any third parties. In addition, should any Party to this Agreement be required to enforce the terms of this clause against a breaching Party, the prevailing party shall be entitled to his reasonable attorney's fees and costs.

The terms of this section shall not be interpreted to prohibit accurate and full response to any question or inquiry for information when required by non-collusive legal process. The Parties further agree that the only statement either party may make (other than required by law or legal process) concerning the Lawsuit is: "The matter was settled out of court to the mutual satisfaction of the parties."

Initials

### I.    Modifications to Agreement

This Agreement and Release may not be changed orally; it may only be changed by a writing executed by both parties. Big Daddy Foods, Inc.'s failure to enforce any provisions of this Agreement and Release will not constitute waiver of its rights under this Agreement and Release.

### J.    No Admissions of Liability

It is understood, agreed, and stipulated between the Parties that the consideration described herein is in full and complete accord, satisfaction, and discharge of disputed claims between Plaintiff and Defendant, and that Defendant does not in any manner by virtue of this Agreement, or payment of the consideration therefore, admit liability to anyone as a result of any incident, act, or omission described in or cognizable by the aforementioned claims, charges, or causes of action, and all claims and causes of action in the Lawsuit. Plaintiff recognizes that Defendant does not admit anything and Defendant denies and continues to deny all such allegations, causes of action, or claims. Nothing set forth herein constitutes an admission against interest (whether related to liability or non-liability of any party to the litigation, or damages alleged by any party to the litigation or any other matter in dispute), but the parties intend merely to terminate all claims and disputes between them and buy their peace.

### K.    Non-admission that Collective of Class Action is Appropriate

The Parties agree that this Agreement does not constitute, shall not be construed to be, and shall not be cited in or be admissible in any proceeding as evidence of: (a) a determination or admission that any group of similarly situated employees exists such that it would be appropriate to maintain a collective action under the FLSA or a class action under Rule 23 of the Federal Rules of Civil procedure (or comparable statute laws or rules); or (b) an adjudication of the merits of any factual or legal issue that was or could have been disputed by the Parties in the Lawsuit. Accordingly, the Parties agree that none of them have prevailed and that this Agreement shall not be cited as evidence that either of them has prevailed.

### L.    Entire Agreement and Successors in Interest

This Settlement Agreement contains the entire agreement between Plaintiff and Defendant with regard to the matters set forth in it and shall be binding upon and inure to the benefit of the executors, administrators, personal representatives, heirs, successors and assigns of each.

### M.    Governing Law

This Agreement shall be construed in accordance with the laws of the United States of America and/or State of Alabama as appropriate. If any provision of this Agreement and Release is determined by a court of competent jurisdiction to be unenforceable, then when possible,

Initials

consistent with the purpose of this Agreement and Release, any such invalid provision my be reformed, and as reformed, enforced.

This Agreement may be signed in counterparts, fax or emailed copies to be considered original.

**IT IS IMPORTANT THAT PLAINTIFF COMPLETELY UNDERSTANDS THE TERMS AND CONDITIONS OF THIS AGREEMENT. IF THERE IS LANGUAGE PLAINTIFF DOES NOT UNDERSTAND, HE HAS BEEN ENCOURAGED TO ASK ABOUT IT AND HAS ASKED ABOUT IT BEFORE SIGNING THIS AGREEMENT. PLAINTIFF IS RELEASING ALL CLAIMS THAT HE MAY HAVE OR HAVE HAD UP TO THE DATE OF THIS AGREEMENT AGAINST BIG DADDY FOODS, INC. AND RELEASEES.**

2/18/16
Date

Signed By: **Virgil "Jerry" Hunter**

Virgil J. Hunter
Printed Name

2/22/16
Date

Gregory Wiggins, Esq.
**Attorney for Plaintiff Employee**

2/29/16
Date

Signed: Big Daddy Foods, Inc.
By Its: President ; Secretary

Page 7 of 7

Initials