IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| JERRY "VIRGIL" HUNTER,     )<br>                            )<br>    Plaintiff,              )<br>                            )<br>    v.                      )<br>                            )<br>BIG DADDY FOODS, INC.,      )<br>                            )<br>    Defendant.              ) | CIVIL ACTION NO.<br>2:15cv632-MHT<br>(WO) |

OPINION

This case is currently before the court on the joint motion of plaintiff Jerry "Virgil" Hunter and defendant Big Daddy Foods, Inc., to approve a settlement of Hunter's claim under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219. For the reasons that follow, the settlement will be approved, albeit with two provisions struck.

I. APPROVAL OF SETTLEMENT

"Because the FLSA was enacted to protect workers from the poor wages and long hours that can result from great inequalities in bargaining power between

employers and employees, the FLSA's provisions are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement." Stalnaker v. Novar Corp., 293 F. Supp. 2d 1260, 1262 (M.D. Ala. 2003) (Thompson, J.) (citing Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706 (1945)).

The first exception requires supervision by the Secretary of Labor under 29 U.S.C. § 216(c); the second exception allows for settlement of claims for back wages under 29 U.S.C. § 216(b), if a court "scrutiniz[es] the settlement for fairness," and determines that it is a "fair and reasonable resolution of a bonda fide dispute over FLSA provisions." Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982).

In this case, there is a bona fide dispute over the amount of back wages owed to Hunter. After conducting a fairness hearing and reviewing the terms of the settlement agreement--by which Hunter will receive

$ 4,500 (half in back wages and half in liquidated damages) and his attorney will receive the same amount in fees--the court concludes that it is a fair and reasonable resolution of this dispute, except to the extent discussed below.[1]

## II. CONFIDENTIALITY AND NON-DISPARAGEMENT PROVISIONS

Sections G and H of the proposed settlement agreement (doc. no. 16, ex. A, at 4-5) prohibit Hunter from disclosing its terms, and from making any public statements regarding "any problems, issues, or concerns he perceives he may have had, including but not limited to his claims and allegations as set forth in the Lawsuit and this Agreement...."  Specifically, the agreement says that the only statement that Hunter may make concerning this case is: "The matter was settled

---

1. The court notes that the parties agreed, during a conference call held on the record on March 8, 2016, that there is a typographical error on the second page of the settlement agreement (doc. no. 16, ex. A), and that subsection A(a) should read as follows, with the addition underlined: "pay in one check ... the sum of <u>two thousand</u> two hundred fifty and 00/100 dollars ($ 2,250.00) less legally required withholdings...."

out of court to the mutual satisfaction of the parties." During a conference call held on the record on March 8, 2016, the court informed the parties that it would not approve a settlement agreement containing these two provisions, and defense counsel did not object to the approval of the proposed agreement with them excised.

As this court has repeatedly held, confidentiality provisions in, and the sealing of, FLSA settlement agreements are against public policy. "Absent some compelling reason, the sealing from public scrutiny of FLSA agreements between employees and employers would thwart the public's independent interest in assuring that employees' wages are fair and thus do not endanger 'the national health and well-being.'" Stalnaker, 293 F. Supp. 2d at 1264 (quoting Brooklyn Sav. Bank, 324 U.S. at 706); see also Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010) (Merryday, J.) ("A confidentiality provision in an FLSA settlement agreement ... contravenes the legislative purpose of

4

the FLSA...."); Elizabeth Wilkins, <u>Silent Workers, Disappearing Rights: Confidential Settlements and the Fair Labor Standards Act</u>, 34 Berkeley J. Emp. & Lab. L. 109, 114 (2013) ("Individual plaintiffs in FLSA suits ... do not merely vindicate their own rights but also act as private attorneys general enforcing a public norm. ... The public has a right to understand employer wrongdoing and to know that judges are acting effectively to punish that wrongdoing."); <u>id</u>. at 119 n.47 (collecting cases that have refused to seal FLSA settlement agreements).[2]

The non-disparagement provision in the parties' proposed settlement agreement is unacceptable for much the same reason: It forbids Hunter from discussing his

---

2. As a practical matter, "the confidentiality provisions are likely unenforceable in light of the public filing of the Settlement Agreement." <u>Poulin v. Gen. Dynamics Shared Res., Inc.</u>, 3:09-CV-58, 2010 WL 1813497, at *2 (W.D. Va. May 5, 2010) (Moon, J.).

5

claims and their resolution.[3]  Although the defendant in a FLSA case may "worry that settling with one employee will encourage other employees to assert FLSA rights," providing notice to employees is a core purpose of the FLSA, which a confidentiality or non-disparagement provision "thwarts ... by silencing the employee who has vindicated a disputed FLSA right."  <u>Dees</u>, 706 F. Supp. 2d at 1242; <u>see</u> <u>also</u> Wilkins, <u>Silent Workers, Disappearing Rights</u>, 34 Berkeley J. Emp. & Lab. L. at 134 & n.120 ("Confidentiality contravenes the notice provision of FLSA, illegally undermining ... other employees['] right to know what they ought to be paid." (citing 29 U.S.C. § 211)).

    An appropriate judgment will be entered.

    DONE, this the 9th day of March, 2016.

                                       /s/ Myron H. Thompson
                               **UNITED STATES DISTRICT JUDGE**

---

    3.  The court has no occasion here to address whether a more narrowly drawn non-disparagement provision might be permissible.